IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALA and DENNIS WILBUR<br>180 Bishop Rd. Apt. 9<br>Johnson City, TN 37601<br><br>          Plaintiffs<br><br>     v.<br><br>THOMAS TORRES<br>302 E. 17th Street<br>Bloomington, IN, 47408-1812<br><br>HURRICANE SPECIALIZED LLC<br>695 Industrial Drive<br>Franklin, IN 46131<br><br>          Defendants | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COME the Plaintiffs, Gala and Dennis Wilbur, by and through their counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complain against the above named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Gala Wilbur (hereinafter "Mrs. Wilbur") is an adult individual who resides at 180 Bishop Rd., Apartment 9, Johnson City, Tennessee 37601.

2. The Plaintiff, Dennis Wilbur (hereinafter "Mr. Wilbur") is an adult individual who resides at 180 Bishop Rd., Apartment 9, Johnson City, Tennessee 37601.

3. The Defendant, Thomas Torres (hereinafter "Defendant Driver") is an adult individual who resides at 302 E. 17th Street, Bloomington, IN 47408.

4. The Defendant, Hurricane Specialized LLC (hereinafter "Hurricane Specialized") is a

limited liability company that has an address located at 695 Industrial Drive, Franklin, IN 46131. Hurricane Specialized is organized under the laws of Indiana, and its principle place of business is located in Indiana. Hurricane Specialized has one member, Peter Norton who resides at 3620 Hurricane Rd. Franklin, IN 46131. Hurricane Specialized therefore is a citizen of the state of Indiana.

5. At all relevant times, Defendant Driver was the agent, servant, workman and/or employee of Hurricane Specialized, and was operating a tractor trailer in the course and scope of his employment.

## STATEMENT OF JURISDICTION

6. This case is brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship. Because Plaintiffs are all citizens of Tennessee, Defendants are all citizens of Indiana, and the amount in controversy (exclusive of interest and costs) exceeds $150,000.00, diversity jurisdiction exists in this Honorable Court. The crash at issue took place in Lackawanna County, Pennsylvania, and all parties are diverse.

## FACTUAL BACKGROUND

7. On August 25, 2019 at approximately 3:58 p.m., Mr. and Mrs. Wilbur were safely traveling southbound on Interstate I-81 approaching exit 182 in Lackawanna County, Pennsylvania.

8. A tractor trailer, driven by Defendant Driver, was simultaneously being driven behind Mr. and Mrs. Wilbur on Interstate I-81 approaching the long term roadway construction at exit 182. The tractor trailer, was at all relevant times, owned by Hurricane Specialized (and United States Department of Transportation No. 1327896 was displayed on the tractor trailer).

9. As southbound traffic began to slow due to long term construction at exit 182, Hurricane

Specialized's tractor trailer smashed into Mr. and Mrs. Wilbur's vehicle.

10. The motor carrier enforcement officer at the scene of the crash cited Defendant Driver for violation of §3310(b) of the Motor Vehicle Code (following too closely).

11. The motor carrier enforcement officer at the scene of the crash cited Defendant Driver for violation of §1311(a) of the Motor Vehicle Code (registration card to be signed and exhibited).

12. As a result of the impact, the Mrs. Wilbur suffered serious injuries to her head, neck and knee.

13. As a result of the impact, the Mr. Wilbur suffered serious injuries to his head, neck, back shoulder, and hip.

14. At all relevant times hereto, the Plaintiffs acted in a safe, prudent and reasonable manner and in no way contributed to their injuries or damages.

## COUNT I NEGLIGENCE / RECKLESSNESS
## DENNIS and GALA WILBUR v. THOMAS TORRES

15. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

16. The negligence, carelessness and/or recklessness of Defendant Driver, individually and as the agent, servant, worker and/or employee of Hurricane Specialized, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer;
    b. Driving too fast for the conditions;
    c. Failing to pay proper attention while turning his tractor trailer on Interstate-81;
    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid

      the collision that occurred with the Plaintiffs' vehicle;

  e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiffs;

  f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

  g. Failing to remain alert;

  h. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

  i. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

  j. Failing to make necessary and reasonable observations while operating his tractor trailer;

  k. Failing to stay at the scene to render aid and instead driving away without stopping;

  l. Failing to timely and properly apply his brakes;

  m. Violating both the written and unwritten policies, rules, guidelines and regulations of Hurricane Specialized;

  n. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

  o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

  p. Violating FMCSA Regulation 395 dealing with hours of service;

  q. Failing to adhere to the amount of hours limit in violation of the FMCSR;

  r. Failing to properly inspect his tractor trailer in violation of the FMCSR;

  s. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

  t. Consciously choosing to drive over the regulated amount of hours;

  u. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

    v. Consciously choosing to continue driving despite realizing he was physically exhausted;

    w. Acting with a conscious disregard for the rights and safety of the Plaintiff.

17. As a direct and proximate cause of the negligence and/or recklessness of Defendant Driver, Mr. Wilbur suffered the following injuries:

    a. Head injury;

    b. Cervical injury;

    c. Cervical radiculopathy;

    d. Shoulder injury; and

    e. Chest injury.

18. As a direct and proximate cause of the negligence and/or recklessness of Defendant Driver, Mrs. Wilbur suffered the following injuries:

    a. Traumatic brain injury;

    b. Lumbar injury; and

    c. Left knee injury.

19. As a result of the aforesaid injuries, the Plaintiffs, as of the time of the filing of this Complaint, have required treatment from, and continues to require treatment for the aforesaid injuries.

20. All of the aforementioned treatment for the Plaintiffs' injuries have been deemed reasonable and necessary.

21. As a result of the aforesaid injuries, the Plaintiffs sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

22. As a result of the aforesaid injuries, the Plaintiffs sustained embarrassment and humiliation

and may continue to suffer the same for an indefinite period of time into the future.

23. As a result of the aforesaid injuries, the Plaintiffs sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

24. As a result of the aforesaid injuries, the Plaintiffs have been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

**WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur, hereby seek all damages allowed, in addition to punitive damages from Defendant Driver, Thomas Torres, in an amount in excess of $150,000.00.

## COUNT II NEGLIGENCE / RECKLESSNESS
## DENNIS and GALA WILBUR v. HURRICANE SPECIALIZED, LLC
## as being vicariously liable for THOMAS TORRES

25. The preceding paragraphs are incorporated herein by reference as though fully set forth.

26. The negligence, carelessness, and/or recklessness of Hurricane Specialized, as being vicariously liable for the actions of Thomas Torres, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while turning his tractor trailer on Interstate-81;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the Plaintiff's vehicle;

    e. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    f. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    g. Failing to remain alert;

    h. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

    i. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

    j. Failing to make necessary and reasonable observations while operating his tractor trailer;

    k. Failing to stay at the scene to render aid and instead driving away without stopping;

    l. Failing to timely and properly apply his brakes;

    m. Violating both the written and unwritten policies, rules, guidelines and regulations of US Express;

    n. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    p. Violating FMCSA Regulation 395 dealing with hours of service;

    q. Failing to adhere to the amount of hours limit in violation of the FMCSR;

    r. Failing to properly inspect his tractor trailer in violation of the FMCSR;

    s. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

    t. Consciously choosing to drive over the regulated amount of hours;

    u. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

    v. Consciously choosing to continue driving despite realizing he was physically exhausted;

    w. Acting with a conscious disregard for the rights and safety of the Plaintiff.

27. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Hurricane Specialized LLC, as being vicariously liable for Thomas Torres, in an amount in excess of $150,000.00.

### COUNT III
### VICARIOUS LIABILITY
### DENNIS and GALA WILBUR v. HURRICANE SPECIALIZED, LLC

28. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

29. At all relevant times, Defendant Driver was Hurricane Specialized's agent, employee, or servant and was acting within the course and scope of his employment, under the direct control of Hurricane Specialized.

30. Accordingly, Hurricane Specialized is vicariously liable for the Defendant Driver's aforementioned negligence.

31. Irrespective of the employment relationship, Hurricane Specialized is an interstate motor carrier subject to Federal Motor Carrier Safety Administration Regulations and is therefore, responsible for the acts of Defendant Driver.

**WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Hurricane Specialized LLC, in an amount in excess of $150,000.00.

### COUNT IV
### NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
### DENNIS and GALA WILBUR v. HURRICANE SPECIALIZED, LLC

32. The preceding paragraphs are incorporated herein by reference as though fully set forth.

33. Hurricane Specialized had an obligation / duty to act reasonably in hiring and retaining the

Defendant Driver, and to adopt and enforce policies, procedures, and rules to ensure that its driver acted and its vehicles were operated and maintained safely.

34. Hurricane Specialized's conduct demonstrated a conscious disregard of the known risks to Plaintiffs and to the rest of the public.

35. Hurricane Specialized breached its aforementioned duties, and those breaches directly and proximately caused the damages described in causes of action above.

36. The Plaintiffs were injured as a result of an incident related to the Defendant Driver's driving, more specifically, the Defendant Driver's unsafe driving.

37. The negligence, carelessness and/or recklessness of Hurricane Specialized, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Driver, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Driver;

   b. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   c. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   d. Hiring and/or continuing to employ Defendant Driver despite the fact that he had a propensity for driving violations;

   e. Hiring and/or continuing to employ Defendant Driver despite his previous driving record;

   f. Failing to have an appropriate disciplinary policy within the company;

   g. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

h. Permitting Defendant Driver to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

i. Failing to train and/or properly train Defendant Driver prior to allowing him to operate its tractor trailer;

j. Allowing Defendant Driver to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k. Failing to adopt appropriate employee manuals and/or training procedures;

l. Failing to enforce both the written and unwritten policies of Hurricane Specialized;

m. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Hurricane Specialized;

n. Failing to implement and/or enforce an effective safety system;

o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

q. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Failing to monitor and/or regulate its drivers' actions;

t. Failing to monitor and/or regulate its drivers' hours;

u. Failing to monitor and/or regulate speed at which the drivers drove;

v. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

w. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

x. Failing to have a policy or mechanism in place to address cumulative fatigue in its

       drivers;

    y. Failing to have a policy or mechanism in place to address excessive speed;

    z. aa. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

    aa. Failing to act upon and remedy known violations of FMCSA regulation 395.

38. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

    **WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Hurricane Specialized LLC, in an amount in excess of $150,000.00.

## COUNT V
## NEGLIGENCE *PER SE*
## DENNIS and GALA WILBUR v. and HURRICANE SPECIALIZED, LLC

39. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

40. Hurricane Specialized violated – and encouraged Defendant Driver to violate – state and federal statutes and regulations.

41. As a direct and proximate result of the Hurricane Specialized's violations of state and federal statutes and regulations that were designed to protect people like the Plaintiff's, Plaintiffs suffered such harm as has been previously stated herein.

    **WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Hurricane Specialized LLC, in an amount in excess of $150,000.00.

## COUNT VI
## LOSS OF CONSORTIUM
## <u>DENNIS and GALA WILBUR v.</u>
## <u>THOMAS TORRES and HURRICANE SPECIALIZED, LLC</u>

42. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

43. The preceding paragraphs are incorporated herein by reference as though fully set forth.

44. As a result of the negligence and/or recklessness of the Defendants, and as a further result of the injuries sustained by the Plaintiff Mrs. Wilbur, Mr. Wilbur has lost and is continuing to lose the companionship, society and services of his wife, and will continue to lose such society and services for an indefinite time into the future.

45. As a result of the negligence and/or recklessness of the Defendants, and as a further result of the injuries sustained by the Plaintiff Mr. Wilbur, Mrs. Wilbur has lost and is continuing to lose the companionship, society and services of his wife, and will continue to lose such society and services for an indefinite time into the future.

**WHEREFORE**, the Plaintiffs Dennis Wilbur and Gala Wilbur hereby seeks all damages allowed, in addition to punitive damages from the Defendants, Thomas Torres and Hurricane Specialized LLC, in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:   /s/ Alex B. Norman
ALEX NORMAN, ESQUIRE #205187
2005 Market St. Suite 350
Philadelphia, PA 19130
267-780-2973
Attorney for the Plaintiffs

## VERIFICATION

I, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 8/6/2021

/s/ *Alex Norman, Esq.*
ALEX NORMAN, ESQUIRE